IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM THOMAS, JR., | § § | |
| Petitioner, | § § | |
| v. | § | 2:15-CV-0300 |
| | § | |
| BRIAN THOMAS, Sheriff, Potter County, Texas, | § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

On October 24, 2012, petitioner was indicted in Potter County, Texas for the offense of murder. *State v. Thomas*, Cause No. 69,117. On October 25, 2012, petitioner was arrested and, on or about July 10, 2014, the charges against petitioner were dismissed and a new indictment charging petitioner with the offense of murder was handed down. *State v. Thomas*, Cause No. 69,173-E.

On October 5, 2015, petitioner filed with this Court a *pro se* petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time of the filing, petitioner was a pre-trial detainee confined at the Potter County Detention Center awaiting trial on the murder charges. In his habeas application, petitioner appeared to argue his continued confinement was unlawful as he was being denied his right to a speedy trial under the Sixth Amendment to the United States

Constitution.[1] Petitioner appeared to seek an Order compelling the State to hold a prompt trial on the murder charge levied against him. Alternatively, petitioner appeared to seek an Order compelling the State to dismiss the charges against him.

In considering petitioner's attempt to force the State to go to trial,[2] this Court issued a Briefing Order inquiring whether the state courts had been given an opportunity to rule on the issue, and whether petitioner was, in any way, responsible for any delay and whether he had been prejudiced by any delay. In response, petitioner advised he or his counsel had filed a motion with the state trial court asserting that petitioner was being denied his right to a speedy trial. Petitioner further asserted he was not at fault in any way for the delay, and that he had suffered prejudice as a result of the delay in that he had been denied adequate "medical treatment." On December 17, 2015, the Court issued a second Briefing Order seeking additional clarification of the exhaustion of petitioner's claims, as well as the chronology of his state proceedings. On December 21, 2015, petitioner filed two (2) non-responsive pleadings, the first asserting possible civil rights complaints for lack of optometry services at the Potter County Jail, and the second appearing to request a discharge of parole which petitioner was serving for a prior conviction.

On January 27, 2016, the Court received a communication from petitioner advising he pleaded guilty to the murder charge in Cause No. 69,173-E on December 21, 2015, and was assessed an 8-year sentence. In this pleading, filed January 28, 2016, petitioner requests the

---

[1] Article I, § 10 of the Texas Constitution also guarantees the accused in all criminal prosecutions the right to a speedy and public trial, however, federal habeas corpus proceedings concern only rights under the United States Constitution.

[2] Pre-trial habeas relief is not available to consider a petitioner's claim that a state is barred from trying him because it has violated his Sixth Amendment right to a speedy trial absent "special circumstances." *Dickerson v. Louisiana*, 816 F.2d 220, 226-28 (5th Cir. 1987). Petitioner has not argued any special circumstances and the Court, based on petitioner's pleadings, has found no special circumstances which would warrant pre-trial habeas relief with regard to petitioner's assertion that the charges brought against him should be dismissed on Sixth Amendment grounds.

Court allow "this case to remain active" until he makes parole and can gather information to prove his innocence. Petitioner argues he is not guilty of the murder charges and only pled guilty because the State could re-indict him for the offense of murder and because he is in need of medical care.

## PETITIONER'S CLAIM FOR RELIEF IS MOOT

Petitioner's section 2241 pre-trial petition for federal habeas corpus relief raised only Sixth Amendment speedy trial claims, and sought to enforce the State's affirmative constitutional obligation to bring him promptly to trial. Petitioner has been afforded the relief he sought in his habeas application. Petitioner has entered a plea of guilty and was convicted of the charged offense on December 21, 2015. Petitioner's section 2241 petition is now moot.

## PETITIONER'S CLAIM, POST-TRIAL

If this Court were to convert petitioner's 2241 pre-trial habeas application to a petition brought under 28 U.S.C. § 2254, the section applying to attacks on state convictions and affording an avenue of relief to petitioners "in custody pursuant to the judgment of a state court," and construe petitioner's claim as a speedy trial defense to his prosecution, petitioner's application would be subject to dismissal as petitioner has not exhausted his state court remedies. *See* 28 U.S.C. § 2254(b).

Petitioner's request to continue this case until he is released to parole and can prove his innocence of the charges is inappropriate. A federal habeas corpus proceeding is not a substitute for a direct appeal, nor is it a procedure for fact-finding concerning an underlying state court conviction. This case should be dismissed.

## CIVIL RIGHTS CLAIMS

To the extent, if any, petitioner is attempting to assert challenges to the conditions of his pre-trial confinement or other perceived violations of his civil rights, such complaints are properly brought in a civil rights proceeding under 28 U.S.C. § 1983, rather than in a 28 U.S.C. § 2241 proceeding. Since a section 1983 action requires the payment of the applicable filing fee, petitioner must make the decision of whether to file such a claim. Consequently, such claims have not been severed and re-designated under a separate cause number.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by petitioner JOHN WILLIAM THOMAS, JR. be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _4th_ day of March 2016.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).